LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

October 18, 2022

**VIA ECF**
Hon. Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

  **Re:**  **Blake Ellman, et al. v. Matthew Platkin, et al.**
     **Civil Action No. 3:22-cv-04397-FLW-TJB**

**LETTER BRIEF IN OPPOSITION TO NOTICE OF CALL
FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 4(M)**

Dear Judge Wolfson:

  We represent plaintiffs Blake Ellman, Thomas R. Rogers, and Association of New Jersey Rifle & Pistol Clubs, Inc. in the above referenced matter. Please accept this letter brief in opposition to the Court's Notice of Call for Dismissal Pursuant to Fed. R. Civ. P. 4(m).

  As set forth in the accompanying Declaration of Daniel L. Schmutter ("Schmutter Dec"), this is a civil rights lawsuit brought against the State of New Jersey under the Second and Fourteenth Amendments to the United States Constitution. This firm has brought several actions of this type against the State of New Jersey in the past. As such, the New Jersey Attorney General's Office is familiar with these types of lawsuits and the law firm's role in them.

Hon. Freda L. Wolfson, U.S.D.J.
October 18, 2022
Page 2

The Complaint in this matter was filed on or about July 1, 2022. As is Mr. Schmutter's usual practice in these types of lawsuits, he immediately reached out to the Attorney General's Office to let them know the lawsuit had been filed. As such, the same day the Complaint was filed, Mr. Schmutter emailed Assistant Attorney General Joseph Fanaroff a copy of the filed Complaint to let the State of New Jersey know we had commenced the action. Mr. Fanaroff responded, letting Mr. Schmutter know the case had been assigned to Assistant Attorney General Stuart Feinblatt. (*See* email thread, Schmutter Dec., Exhibit A).

Shortly thereafter, Mr. Schmutter telephoned Mr. Feinblatt to discuss service of process on the Attorney General and the Superintendent of State Police. On July 11, 2022, Mr. Feinblatt emailed Mr. Schmutter a document regarding the established method of serving process electronically on the New Jersey Attorney General. (*See* email, Schmutter Dec., Exhibit B).

Pursuant to Fed. R. Civ. P. 4(m) the 90 day time frame within which to effect service of process in this matter expired on September 29, 2022.

The failure to serve process by September 29, 2022 was entirely inadvertent. On June 23, 2022, the United States Supreme Court decided the landmark Second Amendment case *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). That decision generated an enormous amount of focus on New Jersey firearms law, both existing laws and new draconian laws proposed by the State – focus which required and still requires Mr. Schmutter's attention.

Further, the *Bruen* decision ushered in a flurry of, according to some estimates, between 200,000 and 300,000 new applications for a permit to carry a handgun. This resulted in substantial chaos over the summer within the permitting authorities throughout the State. One of Mr. Schmutter's responsibilities in the field of Second Amendment law is to focus on the very type of permitting issues and problems that essentially exploded over the summer here in New Jersey.

Hon. Freda L. Wolfson, U.S.D.J.
October 18, 2022
Page 3

As a result of the foregoing, the September 29, 2022 Rule 4(m) service deadline was inadvertently missed.

On October 5, 2022, the Court generated an automatic Notice of Call for Dismissal Pursuant to Fed. R. Civ. P. 4(m). (ECF No. 4.)

Upon receiving the Notice, Mr. Schmutter immediately realized what had happened and promptly took steps to arrange for service of process. The Summons and Complaint were served upon Defendant Attorney General of New Jersey on October 11, 2022. (ECF No. 5.) The Summons and Complaint were served upon all other defendants on October 12, 2022. (ECF Nos. 6-8.)

The inadvertent failure to serve process by the September 29, 2022 Rule 4(m) deadline resulted in no prejudice to any defendant. All defendants were served within one week of the Notice and within two weeks of the September 29, 2022 Rule 4(m) deadline. Further, the State of New Jersey has been aware of this action and has had a copy of the filed Complaint since the day it was filed.

**The Court Should Decline to Dismiss the Action Because Service was Effected Promptly upon Learning of the Deficiency Within Two Weeks of the Deadline, Because the Failure was Entirely Inadvertent and Excusable, Because There was no Prejudice to Any Party, and Because Good Cause Exists Pursuant to Rule 4(m)**

Fed. R. Civ. P. 4(m) provides in pertinent part as follows:

TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

By its terms, the Rule offers the Court a choice: (1) dismiss without prejudice or (2) order that service be made within a specific time. Thus, dismissal is not mandatory, and in fact, would make no sense here. Service has now been effected and was effected within two weeks of the 90

Hon. Freda L. Wolfson, U.S.D.J.
October 18, 2022
Page 4

day deadline. Dismissal without prejudice would serve no purpose. All dismissal would do is require refiling of the Complaint and a repeat of the very service of process which has already taken place.

Because service is already complete, option 2, ordering that service be made within a specific time, would amount to the Court declining to dismiss. Thus, declining to dismiss would be consistent with both the mechanics of the Rule and the procedural facts as they exist today.

Further, it is improper for a Court to dismiss for untimely service where the defendants had actual notice of the action and there is no prejudice. *Moreno-Perez v. Toledo-Davila*, 266 F.R.D. 46, 50 (D.P.R. 2010) (dismissal denied where summons served 5 days after deadline and there was no prejudice to defendants); *Soto v. Keenan*, 409 F. Supp. 2d 215, 217 and n.1 (W.D. N.Y. 2006).

Dismissal is also unwarranted under Rule 4(m) where good cause is shown for the failure to meet the 90 day deadline. Good cause for the failure is fully set forth in the Schmutter Dec., and service was effected within 14 day of the deadline.

Because service was effected promptly upon learning of the deficiency within two weeks of the deadline, because the failure was entirely inadvertent and excusable, because there was no prejudice to any party from the failure, and because good cause exists within the meaning of Rule 4(m), and the Court should decline to dismiss the action.

    Respectfully submitted,

    /s/ Daniel L. Schmutter
    DANIEL L. SCHMUTTER

DLS/ars