John H. Suminski, Esq.
Kathleen N. Fennelly, Esq.
**McELROY, DEUTSCH, MULVANEY**
 **& CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100

*Attorneys for Defendant Ryan McNamee,*
*In His Official Capacity as Chief of Police*
*Of the Chester Police Department*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLAKE ELLMAN, THOMAS R. ROGERS, and ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC.,<br><br>Plaintiffs,<br><br>MATTHEW. J. PLATKIN, in his official capacity as Attorney General of New Jersey et al.,<br><br>Defendants. | Civil Action No. 22-4397 (MAS)(TJB)<br><br>**CIVIL ACTION**<br><br>**ANSWER TO COMPLAINT** |

Defendant Ryan McNamee, in his official capacity as Chief of Police of the Chester Police Department ("McNamee"), by and through his counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submits the following Answer and Affirmative Defenses to Plaintiffs' Complaint.

**INTRODUCTION[1]**

---

[1] For ease of reference, McNamee refers to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1

McNamee denies Plaintiffs' characterization of firearms defined in N.J.S.A. 2C:39-1(w) as "common semi-automatic firearms" in this Paragraph and in each and every other characterization thereof set forth in the Complaint. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Introduction, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

1. The allegations in Paragraph 1 of the Complaint are directed to another defendant, therefore no response is required.

2. McNamee denies the allegations of Paragraph 2 of the Complaint.

3. McNamee denies the allegations of Paragraph 3 of the Complaint.

4. McNamee denies the allegations of Paragraph 4 of the Complaint.

5. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs. To the extent these allegations allege any wrongdoing on the part of McNamee, they are denied.

## JURISDICTION & VENUE

6. Paragraph 6 of the Complaint asserts legal conclusions, to which no response is required.

7. Paragraph 7 of the Complaint asserts legal conclusions, to which no response is required.

8. Paragraph 8 of the Complaint asserts legal conclusions, to which no response is required.

## PARTIES

9.    McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

10.   McNamee is without knowledge or information sufficient to forma belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore neither admits not denies same and leaves Plaintiffs to their proofs.

11.   McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

12.   The allegations in Paragraph 12 of the Complaint are directed to another defendant, therefore no response is required.

13.   The allegations in Paragraph 13 of the Complaint are directed to another defendant, therefore no response is required.

14.   McNamee admits that he is the Chief of the Chester Police Department with an official address at 1 Parker Road, Chester New Jersey, and that he is being sued in his official capacity.  Except as so admitted, the remainder of the allegations of Paragraph 14 of the Complaint state legal conclusions, to which no response is required.

15.   The allegations in Paragraph 15 of the Complaint are directed to another defendant, therefore no response is required.

## FACTUAL ALLEGATIONS

### New Jersey's Ban on Common Semi-Automatic Firearms

16.   Paragraph 16 of the Complaint asserts legal conclusions, to which no response is required.

17. McNamee admits only that the quoted text appears in the document cited. Except as so admitted, Paragraph 17 of the Complaint asserts legal conclusions, to which no response is required.

18. McNamee admits only that the quoted text appears in the document cited. Except as so admitted, Paragraph 18 of the Complaint asserts legal conclusions, to which no response is required.

19. McNamee admits only that the quoted text appears in the document cited. Except as so admitted, Paragraph 19 of the Complaint asserts legal conclusions, to which no response is required.

20. Paragraph 20 of the Complaint asserts legal conclusions, to which no response is required.

21. McNamee is without knowledge or information sufficient to forma belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore neither admits not denies same and leaves Plaintiffs to their proofs.

22. McNamee admits only that Paragraph 22 of the Complaint contains an accurate quote from the cited decisions, subject to removal of the first word, "creates". Except as so admitted, McNamee denies the balance of the allegations of Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint asserts legal conclusions, to which no response is required.

**New Jersey Has Banned and Criminalized a
Common and Important Means of Self-Defense**

24. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

25. McNamee admits only that Paragraph 25 of the Complaint contains an accurate quote from the cited decisions. Except as so admitted, Paragraph 25 of the Complaint asserts legal conclusions, to which no response is required.

26. McNamee admits only that Paragraph 26 of the Complaint contains an accurate quote from the cited decisions. Except as so admitted, Paragraph 26 of the Complaint asserts legal conclusions, to which no response is required. To the extent this paragraph contains factual allegations, McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

27. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

28. McNamee admits only that Paragraph 28 of the Complaint contains an accurate quote from the cited decision. Except as so admitted, Paragraph 28 of the Complaint asserts legal conclusions, to which no response is required.

29. McNamee admits only that Paragraph 29 of the Complaint contains an accurate quote from the document cited. Except as so admitted, McNamee denies the balance of the allegations of Paragraph 29 of the Complaint.

30. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

31. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

32. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

33. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

34. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs. To the extent that Paragraph 34 of the Complaint asserts legal conclusions, no response is required.

35. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

36. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

37. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

38. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

39. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

40. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

41. McNamee denies the allegations of Paragraph 41 of the Complaint.

42. McNamee denies the allegations of Paragraph 42 of the Complaint.

43. McNamee denies the allegations of Paragraph 43 of the Complaint.

**The Ban Prevents Plaintiffs from Acquiring<br>Common Arms for Self-Defense**

44. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

45. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

46. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

47. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

48. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

49. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

50. McNamee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their proofs.

## COUNT ONE
**Deprivation of Plaintiffs' Rights Under U.S. Const. amends. II and XIV**

51. McNamee hereby repeats and reasserts his answers to the previous paragraphs as if set forth fully herein.

52. Paragraph 52 of the Complaint asserts legal conclusions, to which no response is required.

53. Paragraph 53 of the Complaint asserts legal conclusions, to which no response is required.

54. Paragraph 54 of the Complaint states legal conclusions, to which no response is required.

55. Paragraph 55 of the Complaint states legal conclusions, to which no response is required.

## PRAYER FOR RELIEF

WHEREFORE, McNamee demands judgment dismissing Plaintiffs' Complaint with prejudice, together with costs of suit.

McNamee denies that there was any violation of Plaintiffs' constitutional rights. McNamee denies that Plaintiffs are entitled to any relief from him, including injunctive relief, attorney's fees, expert fees, and costs, or any other relief demanded by Plaintiffs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

McNamee has not deprived Plaintiffs of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against McNamee upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs do not have standing with respect to the allegations in their Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in Plaintiff's Complaint are not ripe for adjudication.

### FIFTH AFFIRMATIVE DEFENSE

The weapons that are regulated by the challenged New Jersey laws do not fall within the text or the scope of the rights protected by the Second Amendment.

### SIXTH AFFIRMATIVE DEFENSE

The challenged New Jersey laws do not violate the Second Amendment because they are consistent with this country's historical tradition of firearm regulation.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

McNamee is immune from suit based upon the Eleventh Amendment and the doctrine of sovereign immunity.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are precluded in whole or in part by the doctrine of collateral estoppel, res judicata, and/or the entire controversy doctrine.

**TENTH AFFIRMATIVE DEFENSE**

McNamee reserves the right to interpose each and every such other separate defense that continuing investigation and discovery may indicate.

**RESERVATION OF RIGHTS**

Answering Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or move for summary judgment, on the grounds that it fails to state a claim upon which relief can be granted and/or the Answering Defendants are entitled to judgment as a matter of law.

**DESIGNATION OF TRIAL COUNSEL**

John H. Suminski, Esq., is hereby designated as trial counsel on behalf of defendant Ryan McNamee.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                                           **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Attorneys for Defendant Ryan McNamee,
In His Official Capacity as Chief of Police
Of the Chester Police Department

Dated: January 18, 2023                          By: */s/ Kathleen N. Fennelly*
                                                                 KATHLEEN N. FENNELLY

## CERTIFICATE OF SERVICE

I certify that on January 18, 2023, Defendant Ryan McNamee's Answer was electronically filed with the Clerk of Court in the United States District Court for the District of New Jersey through the Court's CM/ECF system, which filing effected service upon counsel of record through the CM/ECF system.

Dated: January 18, 2023                          By: */s/ Kathleen N. Fennelly*
                                                                 KATHLEEN N. FENNELLY