# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., BLAKE ELLMAN, and MARC WEINBERG,<br><br>                    Plaintiffs,<br><br>v.<br><br>MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, RYAN MCNAMEE, in his official capacity as Chief of Police of the Chester Police Department, and JOSEPH MADDEN, in his official capacity as Chief of Police of Park Ridge Police Department,<br><br>                    Defendants. | Case No.: 3:18-cv-10507 (PGS) (JBD) (CONSOLIDATED)<br><br>Civil Action |
| MARK CHEESEMAN, TIMOTHY CONNELLY, and FIREARMS POLICY COALITION, INC.<br><br>                    Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, CHRISTINE A. HOFFMAN, BRADLEY D. BILLHIMER, in his official capacity as Ocean County Prosecutors,<br><br>                    Defendants. | Case No.: 1:22-cv-4360 (RMB) (JBD) |
| BLAKE ELLMAN, THOMAS R. ROGERS, ASSOCIATION OF NEW | Case No.: 3:22-cv-4397 (PGS)(JBD) |

1

JERSEY RIFLE & PISTOL CLUBS, INC.

     Plaintiffs,

v.

MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, LT. RYAN MCNAMEE, in his official capacity as Officer in Charge of the Chester Police Department, and KENNETH BROWN, JR., in his official capacity as Chief of the Wall Township Police Department,

     Defendants.

# DEFENDANT KENNETH BROWN, JR.'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
MITCHELL B. JACOBS, ESQ.
955 Route 34, Suite 200
Matawan, New Jersey 07747
Phone: (732) 583-7474
Fax: (732) 566-7687
*Attorneys for Defendant, Kenneth Brown, Jr. in his official capacity as Chief of Wall Township Police Department*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................iv

PROCEDURAL HISTORY ....................................................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS ......................................2

LEGAL ARGUMENT .............................................................................................3

   POINT I...............................................................................................................3

     All Claims against Defendant Kenneth J. Brown Jr. are Moot and the
     Complaint against Him must be Dismissed. ..................................................3

POINT TWO ...........................................................................................................4

     The Claims against Defendant Kenneth J. Brown Jr. are Not Ripe and
     Accordingly All Claims Against Him must be Dismissed ............................4

CONCLUSION ........................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

Abbott Lab'ys v. Gardner, 387 U.S. 136 (1967) ............................................................. 5, 6

Armstrong World Indus., Inc. by Wolfson v. Adams, 961 F.2d 405 (3d Cir. 1992) ............. 5

Babbitt v. United Farm Workers National Union, 442 U.S. 289 (1979) ............................. 4

Hamilton v. Bromley, 862 F.3d 329 (3d Cir. 2017) ............................................................ 3

Lewis v. Continental Bank Corp., 494 U.S. 472 (1990) ..................................................... 3

Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941) ............................ 5

N.J. Turnpike Auth. v. Jersey Cent. Power & Light, 772 F.2d 25 (3d Cir. 1985) ................ 4

Peachlum v. City of York, Pennsylvania, 333 F.3d 429 (3d Cir. 2003) .............................. 4

Spencer v. Kemna, 523 U.S. 1 (1998) ................................................................................. 3

Texas v. U.S., 523 U.S. 296 (1998) ..................................................................................... 5

Toilet Goods Ass'n, Inc. v. Gardner, 387 U.S. 158 (1967) ................................................. 6

Wheeler v. Barrera, 417 U.S. 402 (1974) ........................................................................... 6

**Statutes**

N.J.S. 2C:39-5(f) ................................................................................................................. 2

# PROCEDURAL HISTORY

On July 1, 2022, Plaintiffs Blake Ellman, Thomas R. Rogers, and the Association of New Jersey Rifle and Pistol Clubs, Inc. (hereinafter "Ellman Plaintiffs"), filed the within action naming, Defendant, Kenneth J. Brown, Jr., in his official capacity as Chief of the Wall Township Police Department (hereinafter "Defendant Brown"). Subsequent to the initial filing, the Codefendants, Matthew J. Platkin and Patrick Callahan (hereinafter "State Defendants") moved to consolidate the matter, bearing Docket No. 3:22-cv-04397 with two (2) other filed cases bearing Docket Nos. 3:18-cv-10507 and 1:22-cv-04360, By Order of the Court dated, the State Defendants' motion to consolidate all three cases was granted. On September 12, 2023, the Court granted State Defendants' request that the cases remain consolidated through the resolution of *Daubert* and dispositive motions and ordered the same.

The Complaint filed against Defendant Brown alleges, "Defendant Kenneth R. Brown, Jr. is the Chief of Police for the Wall Township Police Department and is the chief law enforcement officer in the jurisdiction in which Plaintiff Rogers resides. His official address is Wall Township Police Department, 2700 Allaire Rd., Wall Township, NJ 07719. He is being sued in his official capacity." (See Exhibit A, Para. 15). There are no factual allegations against Defendant Brown in Plaintiff's Factual Allegations Section contained in Plaintiff's Complaint. The only

1

factual allegations alleged by Plaintiff Rogers that may be relative to Defendant Brown are that Plaintiff Rogers confirms that he has not applied for a license to possess common semi-automatic firearms in Wall Township and merely alleges that "Plaintiff Rogers would apply for a license to possess common semi-automatic firearms, but that he knows that such an attempt would be futile and he would be denied." (See Exhibit A, Para. 49). Plaintiff seeks injunctive relief permanently enjoining Defendant Brown and other defendants from enforcing the provision of N.J.S. 2C:39-5(f).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Kenneth J. Brown, Jr., is the former Chief of Police of the Wall Township Police Department. Chief Brown retired from the Wall Township Police Department effective August 1, 2022. From that date on, Defendant Brown has had no involvement in and authority over any matter concerning the operation of the Wall Township Police Department, including but not limited to, any prospective application to carry any type of weapon. Counsel for the Ellman Plaintiffs have been advised to the fact that Defendant Brown is no longer the Chief of the Wall Township Police Department. (See Exhibits B, C, D, and E).

# LEGAL ARGUMENT

## POINT I

### All Claims against Defendant Kenneth J. Brown Jr. are Moot and the Complaint against Him must be Dismissed.

This Court, like any other court, may lose jurisdiction over a matter because of the occurrence of events after the commencement of suit which terminate the controversy at issue. "Though federal courts have a 'virtually unflagging obligation to exercise the jurisdiction given them,' Article III of the Constitution limits the federal judiciary's authority to exercise its 'judicial Power' to resolving 'Cases' and 'Controversies.'" Hamilton v. Bromley, 862 F.3d 329, 334 (3d Cir. 2017) (internal citation omitted). Courts enforce this case-or-controversy limitation 'through the several justiciability doctrines . . . ,' including 'standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'" Id. at 334–35. The mootness doctrine requires that a case or controversy continues through all stages of federal judicial proceedings. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1 (1998). It is not enough that a case or controversy existed when the suit was filed. Lewis, 494 U.S.at 477-78. Generally,

3

a case may become moot if: (1) the specific alleged violation at issue has ceased and it is not reasonably likely that it will occur again; and (2) other interim relief or events eliminated the effects of the alleged violation. See N.J. Turnpike Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 30-31 (3d Cir. 1985). Here, the Court cannot grant the Plaintiff the only valid relief he seeks: issuing an injunction prohibiting former Chief Brown from enforcing a currently valid State Statute as he no longer has any ability or power to either grant or deny an application contemplated by the Plaintiff. Accordingly, no actual or threatened injury can be traceable to Defendant Brown that can be redressed by a favorable judicial decision and Plaintiff's claims against Defendant Brown must fail as moot.

## POINT TWO

**The Claims against Defendant Kenneth J. Brown Jr. are Not Ripe and Accordingly All Claims Against Him must be Dismissed**

The ripeness doctrine requires that a challenge grows out of a "real, substantial controversy between parties" involving a "dispute definite and concrete." Babbitt v. United Farm Workers National Union, 442 U.S. 289, 298 (1979). The main function of this doctrine is to determine whether a party has brought an action prematurely. Peachlum v. City of York, Pennsylvania, 333 F.3d 429, 433–34 (3d Cir. 2003) (citing Philadelphia Federation of Teachers, American Federation of Teachers, Local 3, AFL–CIO v. Ridge, 150 F.3d 319, 323 (3d Cir.

1998)). The doctrine also functions to encourage abstention until the dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine. Abbott Lab'ys v. Gardner, 387 U.S. 136, 140 (1967) (overruled on other grounds).

The overarching question in each case is whether the facts alleged show that there is a substantial controversy, between parties having adverse legal interests, "of *sufficient immediacy and reality*" to justify judicial resolution. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (emphasis added). Indeed, a claim or dispute is not ripe for adjudication "if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. U.S., 523 U.S. 296 (1998) (quoting Thomas v. Union Carbide Agr. Prod. Co., 473 U.S. 568, 580 (1985)). Further, it has been explicitly held that "ruling on federal constitutional matters in advance of the necessity of deciding them [is to be avoided]." Armstrong World Indus., Inc. by Wolfson v. Adams, 961 F.2d 405, 413 (3d Cir. 1992).

To determine whether a particular dispute is ripe for judicial resolution, courts employ the *Abbott Laboratories* test, which requires courts to evaluate two factors to determine whether a dispute is ripe: "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration" until a later time. Abbott Lab'ys, 387 U.S. at 140.

In Toilet Goods I, the Court found that where the harm and justification for action are both contingent on future administrative action, adjudication should be postponed. Toilet Goods Ass'n, Inc. v. Gardner, 387 U.S. 158, 162 (1967). Similarly, in Wheeler, judicial resolution was not appropriate where the Court found that the statutory or constitutional implications of an agency's action depended on the contours of the agency's actual choice of action and hence could not be decided in the abstract. Wheeler v. Barrera, 417 U.S. 402, 426 (1974), modified, 422 U.S. 1004 (1975).

As stated in sections above, Plaintiff Rogers, who is alleged at the time of the filing of the Complaint, to be a resident of Wall Township New Jersey, never filed any application for a license with the Wall Township Police Department for the right to possess a common semi-automatic firearm with Defendant Brown or otherwise. Plaintiff merely alleges that if he were to apply for such license in the future, then he would be denied. Accordingly, applying the principles set forth above, and applying the standards set forth in Abbott, this matter is not ripe for adjudication as to Defendant, the former Chief of Police, Kenneth Brown, Jr.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant Brown's Motion for Summary Judgment and Ellman Plaintiffs' Complaint against Defendant Brown should be dismissed, with prejudice.

Dated: November 2, 2023

/s/ *Mitchell B. Jacobs*
Mitchell B. Jacobs, Esq.
**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys for Defendant, Kenneth Brown, Jr. in his official capacity as Chief of Wall Township Police Department